UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

KHORSHIDI LAW FIRM APC et al.,

Plaintiffs,

v.

AUTOMOBILI LAMBORGHINI AMERICA LLC et al.,

Defendants.

Case No. 2:26-cv-11830-SB-SK

ORDER TO SHOW CAUSE RE SUBJECT-MATTER JURISDICTION

Plaintiffs Khorshidi Law Firm APC and Omid Khorshidi filed the complaint in this Song-Beverly Consumer Warranty Act case in Los Angeles County Superior Court on September 3, 2026. Defendant Automobili Lamborghini America LLC filed a notice of removal on October 9, 2026. Dkt. No. 1.

Federal courts have subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

A federal district court has original jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*,

519 U.S. 61, 68 (1996). A removing defendant invoking diversity jurisdiction is generally required to "affirmatively allege the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Defendant removed on the basis of diversity. In its notice of removal, Defendant stated it is a corporation and identified its state of incorporation (Delaware) and the state of its principal place of business (Virginia). Dkt. No. 1. But it appears from both Defendant's name and some of the documents attached to its notice of removal that Defendant is a limited liability company. *Id.* And the citizenship of a limited liability company is determined by the citizenship of each of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Defendant needs to show that diversity is complete as to all its members. Accordingly, Defendant is ORDERED to show cause, in writing, by no later than November 30, 2026, why the Court has jurisdiction over this case by demonstrating complete diversity of citizenship between the parties. *Failure to timely comply will result in remand.*



Date: November 23, 2026

Stanley Blumenfeld, Jr.
United States District Judge